EDWARD F. DELANCEY, EXECUTOR, ETC.. RESPONDENT, *v.*
OSCAR H. STEARNS, AND OTHERS, APPELLANTS.

*Appeal—sureties on—action on undertaking against sureties and appellants—not maintainable unless appellants are parties thereto.*

A judgment having been recovered by plaintiff in an action to foreclose a mortgage, the appellants who were defendants therein, being in possession of the premises, appealed from the judgment and procured a stay of proceedings by furnishing an undertaking, executed by two sureties, conditioned to pay the rents and profits and waste that might accrue during the pendency of the appeal. The plaintiff having been successful, brought this action against the sureties to the undertaking, and the appellants, who were not parties thereto ; the complaint alleging facts showing that the liability of the sureties had become fixed.

*Held,* that as the appellants were not parties to the undertaking, they were not liable to the plaintiff for a breach thereof, and that as to them the complaint did not contain facts sufficient to constitute a cause of action.

APPEAL from order of the Special Term, overruling a demurrer of the appellants to the complaint.

*D. P. Barnard,* for the appellants.

*George C. Genet,* for the respondent.

DAVIS, P. J. :

The plaintiff as executor brought a suit to foreclose a mortgage, making the appellants parties defendants to the action. He recovered judgment in the foreclosure suit, from which an appeal was taken by the present appellants, and on motion for an order to stay proceedings pending the appeal, the proceedings were stayed on condition that an undertaking should be executed with two sureties for the rents, issues and profits, and waste, that might accrue during the pendency of the appeal.

The undertaking was executed by Albert Polhemus and Garret Polhemus as sureties, in conformity to the order. The appellants are not parties to the undertaking. This action is brought on the undertaking against the appellants and the sureties on the undertaking; and the complaint recites in substance the above facts,

and alleges further facts necessary to show that the liability of the sureties upon the undertaking had become fixed and operative. No action could be maintained upon such an undertaking, except against the parties who executed it.

If the appellants were liable at all for the use and occupation of the premises, and for any waste committed thereon, their liability does not at all grow out of the undertaking, but depends upon another state of facts.

A joint action against them and the sureties, on the undertaking, cannot, we think, be maintained. Independently of the undertaking, the plaintiff had no right to the rents pending the foreclosure, and until a sale the mortgagor or his executors were entitled to remain in possession (*Syracuse City Bank* v. *Tallman*, 31 Barb., 201), and the liability of the appellants would only arise after a sale of the premises and a deficiency had accrued upon such sale. It is true that the sureties, if compelled to pay such rents or for waste, would have a remedy over against their principals; but that remedy did not exist at the commencement of this action, and there is no principle upon which the plaintiff could avail himself of it, as against the appellants, by uniting them in an action brought upon the undertaking itself. There was therefore a misjoinder of actions, and there was also a failure to state facts sufficient to constitute a cause of action against these appellants.

The order should be reversed with costs.

BRADY and INGALLS, JJ., concurred.

Order reversed with costs.